UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHRIS AND LINDA GINN,**

    **Plaintiffs,**

v.                            No. SA-19-CV-00292-JKP

**DEUTSCHE BANK NATIONAL
TRUST COMPANY in its official
capacity and as fiduciary, AS
TRUSTEE, IN THE TRUST FOR
REGISTERED LOAN TRUST 2006-7,
ASSET-BACKED CERTIFICATES,
SERIES 2006-7,**

    **Defendant.**

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Deutsche Bank National Trust Company's ("Deutsche Bank") Motion for Summary Judgment on all of Plaintiffs', Chris and Linda Ginn ("Plaintiffs"), causes of action. ECF No. 13. In addition, Deutsche Bank seeks summary judgment on its counterclaim for a declaration of its right to foreclose on the property that is the subject of this lawsuit. *Id*. Plaintiffs filed a response (ECF No. 14) to which Deutsche Bank replied (ECF No. 15). After due consideration, the Court concludes Deutsche Bank's Motion for Summary Judgment on Plaintiffs' causes of action shall be GRANTED, and Deutsche Bank's Motion for Summary Judgment on its counterclaim seeking declaratory relief shall be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

The case arises out of Plaintiffs' failure to make mortgage payments for their home located at 912 Garraty Road, San Antonio, Texas 78209 ("property"). ECF No 13. On June 16, 2006, Plaintiffs executed and delivered a Texas Home Equity Note ("note"), which was payable

to the original lender Long Beach Mortgage Company, AND executed a deed of trust to secure the note and establish first lien on the property. *Id*.; ECF No. 13-3. The deed of trust was filed in the real property records of Bexar County, Texas. *Id*.; ECF No. 13-4.. *Id*. Pursuant to the note, Plaintiffs promised to pay $427,000.00 plus interest. *Id*. Deutsche Bank is the current owner and holder of the note, and the mortgagee under the loan. *Id*.; ECF No. 13-1.

On September 13, 2007, Plaintiffs executed a Loan Modification Agreement while their obligations under the original note were in default. *Id*.; ECF 13-5. On February 13, 2014, Plaintiffs executed a Lien Modification Agreement, which had an effective date of February 1, 2014. *Id*.; ECF No. 13-7. The Plaintiffs were also in default when they executed this (2014) Lien Modification Agreement. *Id*.

On March 26, 2018, Select Portfolio Servicing, Inc., the mortgage servicer and attorney-in-fact for Deutsche Bank, sent Plaintiffs a Notice of Default. *Id*.; ECF No. 13-8. On August 1, 2018, foreclosure counsel (the law firm of Hughes, Watters & Askanase, L.L.P.), on behalf of Deutsche Bank, sent Plaintiffs a notice of acceleration. *Id*; ECF No. 13-9. Plaintiffs have not made any payment on the note since December 1, 2017. *Id*.; ECF No. 13-1. As of August 25, 2019, Plaintiffs were $83,926.70 in arrears on the note and have an accelerated balance of $453,191.59. ECF No. 13-1.

Deutsche Bank sought an expedited foreclosure order in state court pursuant to Texas Rule of Civil Procedure 736. ECF No. 10. On February 25, 2019, Plaintiffs filed a lawsuit against Deutsche Bank in a Texas state court (57th Judicial District Court of Bexar County, Texas). ECF No. 1. Plaintiffs' lawsuit triggered an automatic stay of Deutsche Bank's expedited order proceeding under Texas Rule of Civil Procedure 736.11. On March 20, 2019, Deutsche Bank filed its notice of removal. Plaintiffs' state court petition remains the live pleading in this

matter, under which Plaintiffs asserted causes of action for violations of the Texas Deceptive Trade Practices Act ("DTPA"), Breach of Warranty, Common Law Fraud, Intentional Misrepresentation, and Breach of Contract. ECF No. 1-4. The Court will treat Plaintiffs' "intentional" misrepresentation claim as a claim for negligent misrepresentation under Texas law.

Deutsche Bank seeks summary judgment against Plaintiffs' claims on the following grounds: (1) Plaintiffs are not consumers under the DTPA; (2) Plaintiffs' DTPA-based implied warranty claim fails as a matter of law because Plaintiffs are not consumers under the DTPA; (3) Plaintiffs' fraud and negligent misrepresentation claims are precluded by the statute of frauds; (4) Plaintiffs' breach of contract claim fails because they have not tendered performance, and they breached the agreement by failing to make the required mortgage payments.

## BURDENS OF PROOF

To be entitled to summary judgment, the movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] "As to materiality, the substantive law will identify which facts are material," and a fact is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "When a party moves for summary judgment on claims on which the opposing parties will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovants' claims." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *2 (N.D. Tex. July 8, 2019) (citing *Celotex Corp.*, 477 U.S. at 325); *see also Austin v. Kroger Texas, L.P.*, 864 F. 3d 33326, 335 (5th Cir. 2017). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by asserting the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In determining whether to grant summary judgment, a court must view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). However, a court has "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## DISCUSSION

### (1) DECEPTIVE TRADE PRACTICES ACT (DTPA) AND IMPLIED WARRANTY CAUSE OF ACTION

A. DTPA Cause of Action

Deutsche Bank asserts it is entitled to summary judgment as a matter of law on Plaintiffs' DTPA and DTPA-based implied warranty claims because Plaintiffs are not "consumers" under the DTPA.

To state a valid DTPA claim, a plaintiff must establish he/she is a "consumer" under the DTPA. Tex. Bus. & Com. Code §17.50(a); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). To qualify as a consumer under the DTPA, a plaintiff must have sought or acquired goods or services by purchase, and those goods or services purchased or leased must form the basis of the complaint. Tex. Bus. & Com. Code §17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

A person who obtains a loan is not a consumer because the lending of money involves neither a good nor a service. *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169, 175-76 (Tex. 1980). Therefore, borrowing money does not constitute the acquisition of a good or service. *Id.*; *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 580 (W.D. Tex. 2012); *see also Sanchez v. Wells Fargo Bank, N.A.*, No. SA:14-CV-515-DAE, 2014 U.S. Dist. LEXIS 159688, at *18 (W.D. Tex. Nov. 13, 2014).

Because Plaintiffs are not a "consumer" as defined under the DTPA and did not acquire a good or service from Deutsche Bank, they cannot assert a valid DTPA claim. *See* Tex. Bus. & Com. Code §17.50(a); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d at 478. Therefore, Deutsche Bank is entitled to summary judgment on this cause of action.

B. Breach of Implied Warranty

To the extent the Court understands Plaintiffs' breach of implied warranty claim, it appears Plaintiffs use this cause of action as an additional method of asserting a claim under the DTPA. Plaintiffs allege Deutsche Bank had an had implied warranty of good and workmanlike performance of services, failed to produce the quality of work performed by person who has the knowledge, training, or experience necessary for the successful practice of its trade or occupation and did not perform in a manner generally considered proficient by those capable of judging such work. Plaintiffs state "[t]he breach of warranty claim is brought independently and by and through the D.T.P.A. pursuant to §17.50(a)(2)."

To maintain this asserted cause of action through the DTPA, a plaintiff must establish: (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, ***breached an express or implied warranty***, or engaged in an unscionable action or course of action; and (3) such actions were a producing cause of the plaintiff's actual damages. *Brown v. Bank of Galveston, Nat'l Ass'n*, 963 S.W.2d 511, 513 (Tex. 1998).

As discussed previously, Plaintiffs are not "consumers" as that term is defined under the DTPA. For this reason, they do not have a valid DTPA or a DTPA-based implied warranty cause of action.

For these reasons Deutsche Bank is entitled to summary judgment on Plaintiffs' DTPA and implied warranty causes of action.

**(2) FRAUD/MISREPRESENTATION CAUSE OF ACTION**

Deutsche Bank asserts it is entitled to summary judgment as a matter of law on Plaintiffs' fraud/misrepresentation cause of action because a promise of future performance

constitutes an actionable misrepresentation only if the promise was made with no intention of performing at the time it was made. In addition, the statute of fraud bars a tort claim when it is based in an alleged oral contract.

In their complaint, Plaintffs allege Deutsche Bank made promises not to foreclose on the property. ECF No. 14. To the extent the Court understands Plaintiffs' claim, Plaintiffs allege Deutsche Bank made oral promises to delay or stay foreclosure proceedings, but proceeded anyway. *Id.*

Under Texas' codification of the statute of frauds, "a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b). *See also Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). In particular, a "loan agreement" includes any agreement to delay repayment of money. Tex. Bus. & Com. Code § 26.02(a)(2). Significantly, when a modification relates to a matter that must be in writing, the modification also must be in writing. *Shatteen v. JPMorgan Chase Bank, Nat. Ass'n*, 2010 WL 4342073, at *7 (E.D. Tex. Sep. 30, 2010); *Deuley v. Chase Home Fin. LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006)(*citing Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). Therefore, the statute of frauds makes oral agreements unenforceable if they modify the terms of such a loan agreement. *Dagher v. Deutsche Bank Nat'l Tr. Co.*, No. 3:13-CV-3575-B, 2016 WL 4138631, at *4 (N.D. Tex. Aug. 4, 2016); *Kruse v. Bank of N.Y. Mellon*, 936 F. Supp. 2d 790, 794 (N.D. Tex. 2013).

As such, any agreement to modify the percentage of interest, amounts of installments, security rights, terms of remaining balance of loan, amount of monthly payments, date of first payment, and amount to be paid monthly for taxes and insurance must be made in writing.

*Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984). As a modification to a loan agreement, which is subject to the Texas statute of frauds, "an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank, N.A.*, 508 F. App'x 326, 328-29 (5th Cir. 2013); *see also Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-cv-2588-B, 2018 WL 3570097, at *2 (N.D. Tex. July 24, 2018). In addition, an oral agreement allowing a borrower "to enter into a loan assistance or repayment plan" modifies the terms of the loan agreement, and therefore, is unenforceable under the statute of frauds. *Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006); *see also see also Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-cv-2588-B, 2018 WL 3570097, at *2.

Plaintiffs provide no summary judgment evidence to show Deutsche Bank agreed in writing to modify the Loan Agreement by delaying acceleration or delaying foreclosure sale. Because Plaintiffs' fraud and negligent misrepresentation claims are based on an alleged oral modification of their loan agreement, and the statute of frauds precludes any oral modification of a loan agreement or any agreement to delay payment, Plaintiffs cannot assert claims of fraud or negligent misrepresentation based upon any alleged oral modification.

Accordingly, Deutsche Bank is entitled to summary judgment as a matter of law on Plaintiffs' fraud and negligent misrepresentation claims.

### (3) **BREACH-OF-CONTRACT CAUSE OF ACTION**

The essential elements of a breach of contract Cause of action under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero*

*Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

"It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (citation and internal quotation marks omitted). *See also Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012); *Owens v. Bank of America, NA*, No. H-11-2552, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012).

As in *Richardson* and *Owens*, the undisputed summary judgment evidence demonstrates Plaintiffs have not made a mortgage payment since December 1, 2017. Therefore, Plaintiffs cannot maintain a cause of action for breach of contract against Deutsche Bank. See *Richardson*, 873 F. Supp. 2d at 809; *Owens*, 2012 WL 912721, at *4. For this reason Deutsche Bank is entitled to summary judgment on Plaintiffs' breach of contract cause of action.

### (4) DEUTSCHE BANK'S COUNTERCLAIM SEEKING DECLARATORY RELIEF

Deustche Bank seeks summary judgment on its affirmative claim for declaratory relief regarding its right to foreclose on the property. Deutsche Bank contends it is entitled to summary judgment under chapter 51 of theTexas Property Code. ECF No. 13.

Because Deustche Bank bears the burden of prof on its counterclaim for declaratory relief, it "must establish beyond peradventure all of the essential elements of the claim" to obtain judgment in its favor. *Fontenot v. Upjohn Co.*, 780 F,2d 1190, 1194 (5th Cir. 1986). This standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins., Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). Deutsche Bank must show there are no genuine and material fact disputes, and it is entitled to judgment as a matter of law. *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). The court will draw

all reasonable inferences in favor of the non-movants. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

In Texas, to foreclose under a security instrument with a power of sale, the lender must demonstrate: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F.Supp.2d 732, 740 (S.D. Tex. 2013) *aff'd*, 583 Fed. Appx. 306 (5th Cir. 2014).

Deutsche Bank presented undisputed summary judgment evidence to satisfy each element of its counterclaim. First, a debt exists. Duetsche Bank presents undisputed evidence of the Declaration of Select Portfolio Servicing, Inc. (ECF No. 13-1), the Texas Home Equity Fixed/Adjustable Rate Note executed by Plaintiffs on June 16, 2006 (ECF No. 13-2), and the Texas Home Equity Security Instrument executed by Plaintiffs on June 16, 2006 (ECF No. 13-3). These instruments establish a debt exists.

Next, Deutsche Bank presents the Texas Home Equity Affidavit and Agreement which prove the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution. ECF Nos. 13-2, 13-3, and 13-4. Deutsche Bank presents the Declaration of Select Portfolio Servicing, Inc. (ECF No. 13-1) which proves Plaintiffs defaulted on the note.

With regard to the last prong of Deutsche Bank's burden of proof, Select Portfolio Servicing, Inc., on behalf of Deutsche Bank, sent Plaintiffs a notice of default letter that outlined Plaintiffs' rights to cure the default. ECF No. 13-8. In addition, Deutsche Bank presents the Notice of Maturity/Acceleration of Texas Non-Recourse Loan to prove its compliance with Chapter 51 of the Texas Property Code. ECF No. 13-9.

Plaintiffs present no competent summary judgment evidence to demonstrate the existence of a genuine dispute of material fact regarding any of the elements of Deutsche Bank's counterclaim. *See Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

Accordingly, Deutsche Bank is entitled summary judgement on its request for declaratory relief.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Deutsche Bank's Motion for Summary Judgment on Plaintiffs' causes of action for violations of the Texas Deceptive Trade Practices Act, breach of implied warranty, common-law fraud, intentional misrepresentation and breach of contract. In addition, the Court GRANTS Deutsche Bank's Motion for Summary Judgment for declaratory relief regarding its right to foreclose on the property.

It is so ORDERED.

SIGNED this 24th day of March, 2020.

*[signature: Jason Pulliam]*

JASON PULLIAM
UNITED STATES DISTRICT JUDGE